UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Byron Martin,                        :
          Plaintiff,                 :
                                     :
     v.                              :     File No. 1:07-CV-175
                                     :
R. Tasha Wallis, John Doe            :
#1, John Doe #2, Steven              :
Collier, Daniel Akers,               :
Randy Stovall, Laura Kash,           :
Mr. Napier, Mike Bowling,            :
Danny Lane, Mitchell                 :
Brandenburg, Melissa                 :
Brunelle, Frank Kincaid,             :
Donna Stivers, Kathy                 :
Childers, John Does 1-5,             :
Sean Selby, Larry Smith,             :
Tom Roberts, and Kevin               :
Charboneau,                          :
          Defendants.                :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 8, 45 and 49)

This case, brought by *pro se* plaintiff Byron
Martin, pertains to injuries Martin allegedly suffered
while in prison.  The complaint initially named over 30
defendants.  Some defendants have been dismissed
pursuant to a stipulation, but several remain.
Currently pending before the Court are motions to
dismiss filed by two separate groups of defendants
(Papers 45 and 49), and Martin's motion for a default
judgment (Paper 8).

In their motions to dismiss, both sets of
defendants contend that Martin has violated the Prison
Litigation Reform Act's ("PLRA") "three strikes" rule by
filing multiple frivolous actions.  This violation, they
argue, bars Martin from proceeding *in forma pauperis*.
For reasons set forth below, the Court agrees.
Accordingly, I recommend that the *in forma
pauperis* order in this case be vacated and the case be
DISMISSED unless Martin pays the filing fee in a timely
manner.

Failure to pay the fee should result in dismissal.
If the fee is paid in accordance with the Court's
instructions, the Court will consider the remaining
arguments set forth by defendants Selby, Smith, Roberts,
Charboneau and Wallis (Paper 49).  Finally, I recommend
that Martin's motion for default judgment (Paper 8) be
DENIED.

## Factual Background

Martin's 34-page complaint alleges a wide range of
misconduct occurring between 2002 and 2007, during which
time he was in the custody of the Vermont Department of
Corrections.  The complaint lists nine "issues," with

over 30 individuals and several John Does named as defendants.  On April 30, 2008, Martin and counsel for 17 defendants, all of whom were employed by the State of Vermont, filed a stipulation of dismissal.  Some of the issued raised in the complaint pertained only to defendants who have now been dismissed.  Allegations against the remaining defendants include complaints of cold temperatures in Martin's cell; retaliation for accessing the courts; "extortion of copies and postage"; and wrongful conviction due to the misconduct of various State Troopers.

Specifically, Martin first alleges that between June 2002 and June 2003, temperatures in his cell ranged from over 100 degrees in the summer to below zero in the winter.  From June 2002 to December 2002, his bedding consisted of a mattress on the floor of the cell.  As a result of these conditions, Martin allegedly suffered heat flashes, migraines, colds, asthma and bug bites.

The only remaining defendant connected with these claims is R. Tasha Wallis.  Martin asserts that Wallis was the Commissioner of the Vermont Department of Buildings and General Services at the time, and refers

3

to her as the "owner" of the prison.  The complaint alleges that Wallis "knew that the boiler was broken yet did nothing to insure that the building was heated, and knew there was no air conditioning in the building."

The next set of allegations pertain to Martin's time spent in a privately-operated prison in Beattyville, Kentucky.  Vermont sends some of its prisoners out of state pursuant to its contract with Corrections Corporation of America ("CCA"), the owner of the Kentucky facility.  The first such allegation is that Martin was placed in punitive segregation in retaliation for exercising his right to access the courts.  The defendants in this claim are primarily employees of CCA.[1]  Also named as a defendant is their attorney, Steven Collier, Esq.  Collier is accused of conspiring with prison employees to wrongfully accuse Martin of violating a prison rule.  Martin's second claim is that prison employees charged him for copying and postage while he was indigent.  He contends that

---

[1] These defendants have not yet been served.  Counsel for the defendants has informed the Court that, if the motion to dismiss on the "three strikes" issue is denied, he will return waivers accepting service on their behalf in their official capacities.

such charges were in violation of prison rules, and that
the defendants' conduct amounted to extortion.

Martin's final claim is brought against defendants
Selby, Smith, Roberts and Charboneau, each of whom are
Vermont State Troopers.  Martin claims that these
defendants lied and withheld information in a concerted
effort to see him convicted in state court.  Although he
argues that he will be able to prove his innocence on
the criminal charge, he states that "[t]his is a civil
action not a habeas corpus because I am alleging an
injury to my reputation . . . ."

Currently pending before the Court are two motions
to dismiss.  The first, filed by Attorney Collier *pro
se*,[2] argues that Martin should not be allowed to proceed
*in forma pauperis* under 28 U.S.C. § 1915 because at
least three of his previous cases were dismissed as
frivolous or for failure to state a claim.  See 28
U.S.C. § 1915(g).  The second is submitted by defendant
Wallis and the four State Troopers.  In addition to the
"three strikes" argument, these defendants claim

---

[2] The motion was also brought in the name of two other
defendants, both of whom have since been dismissed.

5

official capacity immunity under the Eleventh Amendment, lack of personal involvement on the part of defendant Wallis, and protection under Heck v. Humphrey, 512 U.S. 477 (1994) from any civil claim that would invalidate Martin's criminal conviction.

Discussion

I.   The PLRA's "Three Strikes" Rule

Under 28 U.S.C. § 1915, a court may allow an inmate to file suit without prepayment of fees so long as the inmate provides an affidavit demonstrating his inability to pay.  28 U.S.C. § 1915(a)(1).  When Martin filed this action in March 2007, the Court granted his motion to proceed in forma pauperis and ordered the Marshals to effect service upon the defendants.  The movants now argue that the Court should rescind its order because Martin has run afoul of the PLRA's "three strikes" rule, codified at 28 U.S.C. § 1915(g).

Section 1915(g) states:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

6

malicious, or fails to state a claim upon
which relief may be granted, unless the
prisoner is under imminent danger of serious
physical injury.

In enacting the PLRA, Congress's principal intent was to
deter frivolous litigation by prisoners.  <u>Tafari v.
Hues</u>, 473 F.3d 440, 443 (2d Cir. 2007).  The PLRA's
three-strikes provision furthers this goal by limiting
courts' discretion to grant <i>in forma pauperis</i> status to
prisoners with a record of frivolous litigation.  <u>Id.</u>;
see <u>Thompson v. D.E.A.</u>, 492 F.3d 428, 431 (D.C. Cir.
2007).

Since Congress passed § 1915(g), courts have
worked to define the terms therein.  The Second Circuit
has defined a "frivolous" claim as one that "lacks an
arguable basis in law or fact."  <u>Tafari</u>, 473 F.3d at 442
(quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989)).
With respect to a complaint that "fails to state a claim
upon which relief may be granted," the Supreme Court has
noted the similarity with the language in Fed. R. Civ.
P. 12(b)(6), but has determined that dismissal under
Rule 12(b)(6) does not necessarily mean that the case
"failed to state a claim" as the phrase was intended in
§ 1915(g).  <u>Neitzke</u>, 490 U.S. at 326.  "That

frivolousness in the [§ 1915(g)] context refers to a
more limited set of claims than does Rule 12(b)(6)
accords . . . with the understanding articulated in
other areas of law that not all unsuccessful claims are
frivolous."  Id. at 329 (citations omitted).

     Martin has several cases that arguably qualify as
strikes under § 1915(g).  Proceeding in chronological
order, the movants first offer the case of Martin v.
Gold, File No. 1:03-CV-240.  That case, much like this
one, pertained to the conditions of Martin's
confinement.  The defendants moved for summary judgment,
and Judge Murtha adopted my recommendation that the case
be dismissed.  Judge Murtha also certified that "any
appeal taken in forma pauperis from this Order would not
be taken in good faith because such an appeal would be
frivolous."  (Paper 78).  Notwithstanding this
certification, Martin appealed the judgment.  The appeal
was dismissed by the Second Circuit, which found that
"the appeal lacks an arguable basis in fact or law."
(Paper 83) (citing Neitzke, 490 U.S. at 325 and 28
U.S.C. § 1915(e)).

When a district judge certifies that an appeal "would not be taken in good faith," courts have held that this constitutes a finding of frivolousness.  See, e.g., Chavis v. Curlee, 2008 WL 508694, at *2 (N.D.N.Y. Feb. 21, 2008) (certification by district judge that appeal would not be taken in good faith is a finding of frivolousness for purpose of § 1915(g)); cf. S.E.C. v. Broadwell Securities, Inc., 1981 WL 1655, at *1 (S.D.N.Y. July 8, 1981) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915. Good faith, in this context, is an objective standard that measures whether the issues on appeal are frivolous.").  However, courts have also held that a case decided at summary judgment generally does not qualify for a strike under § 1915.  See Angelle v. Gibson, 253 F.3d 704, 704 (5th Cir. 2001) ("Because the district court's dismissal for failure to state a claim acted as a grant of summary judgment, the district court's judgment does not count as a 'strike.'"); Ramsey v. Goord, 2007 WL 1199573, at *2 (W.D.N.Y. Apr. 19, 2007) ("a dismissal on summary judgment is generally not

considered within the parameters of the three-strikes rule's requirement that the actions be dismissed as frivolous, malicious, or for failure to state a claim").

In <u>Martin v. Gold</u>, I issued a 27-page Report and Recommendation on the summary judgment motion, analyzing, among other things, the extent of personal involvement by certain defendants. In my view, that issue presented at least one close question of fact and law. See, e.g., <u>Martin v. Gold</u>, File No. 1:03-CV-240 (Paper 66 at 14) ("The question of notice to defendant Girrell presents a close issue."). Because the case appears to have required a developed record and close scrutiny of the legal issues, the Court should not find that it was frivolous as filed.

Martin's appeal, however, was deemed frivolous by the Second Circuit. I therefore recommend that, although the underlying case was not frivolous, the subsequent appeal be counted as a "strike" for purposes of § 1915(g). See <u>Chavis</u>, 2008 WL 508694, at *3 n.5 (collecting cases for proposition that district court action and subsequent appeal can both qualify as strikes under § 1915(g)).

The defendants have offered several additional cases as potential frivolous filings.  One such case is Butts v. ConAgra Foods, Inc., File No. 2:06-CV-1, in which a group of inmates claim that they ate chicken containing intestines and excrement.  Martin included himself as a *pro se* plaintiff in the complaint due to the fact that he witnessed his fellow inmates eating the chicken.  The defendant moved to dismiss Martin as a party.  The Court granted the motion, finding that Martin had failed to assert an injury and had no standing to bring a claim.  Butts, File No. 2:06-CV-1 (Paper 51 at 3-5).

Martin's entry into the Butts case was clearly frivolous.  In response to the defendant's motion to dismiss, Martin argued that he was helping Butts handle evidence and prepare legal filings.  These arguments added nothing to the fact that he was merely a witness to the alleged events, and that he had no grounds upon which to join as a party in the lawsuit.  See, e.g., Rice v. Nat'l Security Council, 244 F. Supp. 2d 594, 597-987 (D.S.C. 2001) (counting case as strike where inmates "failed to allege with particularity how the

actions of the Defendants directly effected them"). The
Court should therefore consider Martin's dismissal from
the Butts case as a strike under § 1915(g).

Martin engaged in similar frivolous conduct in a
subsequent case, Shaimas v. Catholic Diocese of
Burlington, File No. 1:07-CV-26. In Shaimas, plaintiff
Christopher Shaimas alleged that he was sexually abused
as a child. Martin included himself as a *pro se*
plaintiff, claiming that since spending time with
Shaimas in prison, he had lived through Shaimas's
experience "vicariously." Martin also alleged that he
had provided Shaimas with legal assistance, and had
helped "Mr. Shaimas['] psychological and physical
dilemma by listening."

The Court dismissed Martin from the case *sua
sponte* under 28 U.S.C. § 1915(e)(2), which requires
dismissal if the action is frivolous or malicious, fails
to state a claim on which relief may be granted, or
seeks monetary relief against a defendant who is immune
from such relief. As in Butts, the Court found that
Martin had failed to allege an injury, had no standing
to enter the case, and that his claims must therefore be

dismissed.  <u>Shaimas</u>, File No. 1:07-CV-26 (Paper 3 at 2-3).  Given that the dismissal was conducted under § 1915(e)(2) based on frivolousness and/or failure to state a claim, and because Martin's entry into the case was plainly frivolous, the <u>Shaimas</u> case should count as a strike under § 1915(g) as well.

The final candidate is a case Martin filed in the Eastern District of Virginia entitled <u>Martin v. Elam</u>, File No. 1:03-CV-1223.  (Paper 45-21).  The court dismissed the case at the outset for failure to exhaust administrative remedies.  Martin moved for reconsideration.  The court granted the motion for reconsideration, reopened the case, and dismissed it "as frivolous and malicious pursuant to 28 U.S.C. 1915(b)." <u>Id.</u> at 2.  The court further ordered that "this dismissal may affect plaintiff's ability to proceed in forma pauperis in future civil actions pursuant to 28 U.S.C. 1915(g) . . .. " <u>Id.</u>  Martin's second motion for reconsideration was denied.  In light of the court's clear determination that Martin's repeated filings amounted to frivolous and malicious conduct, that case should count as a fourth strike under the PLRA.

13

The next question is whether Martin falls within the scope of the exception to the three-strikes rule. That exception permits an *in forma pauperis* filing, notwithstanding three previous strikes, if the plaintiff "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Martin's claims all arise out of his previous incarceration in Vermont and Kentucky. He has since been released from prison, and none of the allegations indicate that he is in any danger while outside prison walls. The "imminent danger" exception is, therefore, inapplicable.

The defendants argue that Martin's release from prison does not affect the PLRA three-strikes analysis. Specifically, they contend that because Martin was incarcerated when he filed his *in forma pauperis* application, his three strikes require rescission of the order waiving initial payment of the filing fee, regardless of his current status. The PLRA requires that a case counting as a strike must have been filed while the litigant was "incarcerated or detained in any facility." 28 U.S.C. § 1915(g). There can be no dispute that this case meets that definition.

14

Consequently, the Court agrees that Martin's subsequent release from prison has no effect on the PLRA analysis.

In sum, Martin's filings over the last several years have included multiple frivolous filings. Because he was incarcerated at the time the cases were filed, the filings qualified as strikes under § 1915(g). The defendants' motions to dismiss for violation of the PLRA's three-strikes rule should, therefore, be GRANTED, and the Court should vacate its order allowing Martin to proceed *in forma pauperis*. I recommend that Martin be allowed 30 days in which to pay the filing fee, and if no such fee is paid, that this case be DISMISSED.

II.  Motion for Default Judgment

Also pending before the Court is Martin's motion for a default judgment, in which he argues that the defendants failed to file answers in a timely manner. (Paper 8). When Martin filed his motion, the Marshals Service had not yet sent waivers of service to the defendants. The docket shows that Martin filed his motion on January 8, 2008, and that waivers were sent on January 10, 2008. Accordingly, the motion for default judgment was premature and should be DENIED.

<u>Conclusion</u>

For the reasons set forth above, I recommend that the defendants' motions to dismiss (Papers 45 and 49) be GRANTED to the extent that they seek dismissal based upon 28 U.S.C. § 1915(g). The *in forma pauperis* order in this case (Paper 2) should be vacated and the case should be DISMISSED unless Martin pays the filing fee within 30 days of the entry of a final order by the Court.

Failure to pay the fee in a timely manner should result in dismissal. If the fee is paid in accordance with the Court's instructions, the Court will consider the remaining arguments for dismissal set forth by defendants Selby, Smith, Roberts, Charboneau and Wallis (Paper 49). Finally, I recommend that Martin's motion for default judgment (Paper 8) be DENIED.

Dated at Burlington, in the District of Vermont, this 16<u>th</u> day of July, 2008.

<u>/s/ Jerome J. Niedermeier</u>
Jerome J. Niedermeier
United States Magistrate Judge

16

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).